# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| vs. | : | |
| TYRONE TRADER, a/k/a "Saleem" | : | 04-680-06 |

## ORDER AND MEMORANDUM

## ORDER

**AND NOW** this 22nd day of February, 2008, upon consideration of Defendant's Motion for Reconsideration of the Trial Court's Denial of Defendant's Motion for Judgment of Acquittal and/or Motion for New Trial Pursuant to F.R.CR.P. 29 and F.R.CR.P. 33 (Document No. 498, filed August 21, 2007); Defendant's *pro se* Supplement to Motion for Judgment of Acquittal (Document No. 501, filed August 24, 2007); Government's Response to Defendant Trader's Supplement to Motions for Acquittal or for New Trial (Document No. 505, filed August 29, 2007); Defendant's *pro se* Second Supplement to Defendants [sic] Motion for Judgment of Acquittal (Document No. 603, filed January 31, 2008); and Defendant's Affidavit in Support of Defendant [sic] Rule 29 Motion (Document No. 604, filed January 31, 2008), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that Defendant's Motion for Reconsideration of the Trial Court's Denial of Defendant's Motion for Judgment of Acquittal and/or Motion for New Trial Pursuant to F.R.CR.P. 29 and F.R.CR.P. 33, as supplemented by Defendant's *pro se* Supplement to Motion for Judgment of Acquittal, Defendant's *pro se* Second Supplement to Defendants [sic] Motion for Judgment of Acquittal, and Defendant's Affidavit in Support of Defendant [sic] Rule 29 Motion, is **DENIED**.

**MEMORANDUM**

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On January 18, 2007, a jury convicted defendant Tyrone Trader and three co-defendants of crimes charged in a 53-count Superseding Indictment related to a drug conspiracy. The four defendants and five other defendants who did not proceed to trial were charged in Count One of the Superseding Indictment with conspiracy to distribute more than five (5) kilograms of cocaine from in or about July 2003 through in or about October 2004, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Defendant Trader was also charged in separate counts with distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (Counts Two, Twenty-One, Twenty-Two, and Fifty) and distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(a) (Counts Three, Twenty-Three, and Fifty-One). Defendant Trader was convicted of the crimes charged in Counts One, Two, Twenty-One, Twenty-Two, Twenty-Three, Fifty, and Fifty-One of the Superseding Indictment. He has not been sentenced.

On July 16, 2007, the Court issued a Memorandum and Order denying the post-trial motions of defendants Trader and Stillis for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for new trial pursuant to Federal Rule of Criminal Procedure 33. In their motions, defendants Trader and Stillis argued, *inter alia*, that there was insufficient evidence to support the jury's finding that the defendants were guilty beyond a reasonable doubt of conspiring to distribute at least five kilograms of cocaine, the crime charged in Count One of the Superseding Indictment. Defendant Trader also argued that there was insufficient evidence to support the jury verdict with respect to the distribution charges in Counts

Twenty-Two and Twenty-Three of the Superseding Indictment. The Court considered the evidence presented at trial in the light most favorable to the government and held that there was sufficient evidence to support the jury verdict.

On August 21, 2007, defendant Trader filed a counseled Motion for Reconsideration of this Court's July 16, 2007 Memorandum and Order.[1] Defendant Trader then filed a *pro se* Supplement to Motion for Judgment of Acquittal on August 24, 2007 ("First Supplement").

On August 23, 2007, defendant sent the Court a letter/request for appointment of new counsel. On September 7, 2007, the Court held a hearing on defendant's letter/request and agreed to appoint new counsel. By Order dated September 10, 2007, the Court appointed new counsel to represent defendant in all matters before the Court. The Court postponed sentencing to provide new counsel the opportunity to file a motion for reconsideration.

On January 18, 2008, defendant, through counsel, filed a Motion to File Attached Three (3) *Pro Se* Motions for Consideration of Their Substance by the Court (Document No. 588). On January 21, 2008, defendant, through counsel, filed a Second Motion to File *Pro Se* Pleadings for Consideration of Their Substance by the Court (Document No. 589). By Order dated January 30, 2008, the Court granted both motions and agreed to consider on the merits defendant's *pro se* submissions attached as exhibits to the motions. Included among the exhibits submitted by defendant were two filings related to the instant Motion for Reconsideration: defendant's *pro se* Second Supplement to Defendants [sic] Motion for Judgment of Acquittal ("Second Supplement") and defendant's Affidavit in Support of Defendant [sic] Rule 29 Motion

---

[1] The Motion for Reconsideration was filed out of time with leave of the Court by Order dated August 8, 2007.

("Affidavit"). The Court construes both filings and defendant's *pro se* First Supplement as supplements to the counseled Motion for Reconsideration. For the reasons that follow, defendant's Motion for Reconsideration, as supplemented by defendant's *pro se* filings, is denied.

## II.     LEGAL STANDARD–MOTION FOR RECONSIDERATION

Three situations justify granting a motion for reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court denied the motion; or (3) the need to correct a clear error of law or fact or to prevent "manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Enigwe v. United States Dist. Ct. for the Eastern Dist. of Pa., 2006 U.S. Dist. LEXIS 77175, *3 (E.D. Pa. Oct. 6, 2006). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## III.    DISCUSSION

In his Motion for Reconsideration and supplemental filings, defendant does not assert that there has been an intervening change in controlling law, nor does he present new evidence which was previously unavailable. Accordingly, the Court construes the Motion for Reconsideration and supplemental filings as arguing that the Court made clear errors of fact or law in the July 16, 2007 Memorandum and Order with respect to Counts One, Twenty-Two, and Twenty-Three of the Superseding Indictment. The Court addresses each count in turn.

### A.     Count One

In his counseled motion and *pro se* filings, defendant argues that the Court erred in failing

to consider that the evidence at trial did not establish defendant Trader's "involvement with 5 kilograms or more of cocaine."  Def.'s Mot. at 11; see also Def.'s 1st Supp. at 5 ("A rational jury could not have concluded that defendant's conduct or involvement in cocaine conspiracy, could amount to five kilograms or more."); Def.'s Aff. ¶ 1(C) ("[A]s to count (1) of the indictment, there was, as a matter of law insufficient evidence at trial to prove TRADER had any knowledge received any benefit or participated in a conspiracy to distribute five (5) or more kilograms.") (emphasis in the original).  Essentially, it is defendant's argument that the drug quantity directly attributed to defendant Trader based on the evidence at trial, amounted to considerably less than five kilograms, and therefore there was insufficient evidence to support the jury verdict on Count One of the Superseding Indictment.  The Court rejects this argument.

Defendant Trader was not charged with individually distributing five kilograms of cocaine.  To the contrary, defendant Trader and eight co-defendants were charged with *conspiring* to distribute at least five kilograms of cocaine.  The essential elements of this offense are (1) the defendants knowingly and intentionally entered into an agreement with at least one other person; (2) to distribute; (3) a controlled substance in amounts equal to or greater than the amount specifically charged, five kilograms of cocaine.  21 U.S.C. §§ 841(a)(1) and (b)(1)(A); see also United States v. Pressler, 256 F.3d 144, 149 (3d Cir. 2001).  Accordingly, the government was required to prove at trial beyond a reasonable doubt that defendant Trader knowingly entered into an agreement with at least one other person to distribute at least five kilograms of cocaine, not that defendant Trader himself distributed at least five kilograms of cocaine.

To the extent that defendant Trader argues that there was insufficient evidence introduced at trial to establish that the defendants conspired to distribute at least five kilograms of cocaine,

the Court considered and rejected this argument in its Order and Memorandum of July 16, 2007.[2]

"A motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002).

To the extent that defendant Trader argues that his personal involvement in a more limited quantity of cocaine demonstrates his lack of knowledge of the overall objective of the conspiracy, that argument is rejected. As the Court charged the jury,

> A defendant may become a member of a conspiracy without full knowledge of all the details of the unlawful plan. On the other hand a person who has no knowledge of a conspiracy but happens to act in a way which furthers some object or purpose of the conspiracy does not thereby become conspirator.
>
> It is not necessary that a defendant be fully informed as to all the details of the scope of a conspiracy in order to justify an inference of knowledge on his part. Knowing everything about every aspect of a conspiracy is not required for a finding of knowledge of the illicit purposes and the nature of the operation of the conspiracy.

N.T. 1/18/2007, at 72; see also United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999) ("The government need not prove that each defendant knew all of the conspiracy's details, goals, or other participants.").

---

[2] The Court noted in the Memorandum of July 16, 2007 that the evidence at trial as to drug quantity included evidence "that defendant Green provided approximately two and three quarter kilograms of cocaine to defendant Stillis in increments no larger than 500 grams; evidence that defendant Stillis 'stashed' a one kilogram 'brick' of cocaine at the home of Donna Savage; and the testimony of Trooper Miscannon and defendant Robinson, who both described the use of cutting agents to stretch cocaine for distribution." United States v. Stillis, 2007 U.S. Dist. LEXIS 51511, at *16-17 (E.D. Pa. July 16, 2007). With respect to the use of a cutting agent to stretch the quantity of narcotics available for distribution, the government presented evidence that the defendants cut the cocaine they obtained "one for one" so as to double the quantity of cocaine for resale. Id., at *15.

At trial, the government presented significant evidence linking defendant Trader to the charged conspiracy. That evidence is detailed in the government's initial response to defendant Trader's post-trial motion. See Gov.'s Consol. Resp. at 5-6. Numerous purchasers of drugs testified that they were directed to purchase cocaine from defendant Trader by defendant Louis Stillis. See, e.g., David Wilkins Testimony, N.T. 1/9/2007, at 77 (describing a phone call in which defendant Stillis directs Wilkins to purchase cocaine from defendant Trader); Richard Savage Testimony, N.T. 1/10/2007, at 196 ("If I would call Lou [Stillis] and say I need a 40, he'd say, I'm not around. Give Dub [Rideout] a call or give Saleem [Trader] a call."); Sandra Collins Testimony, N.T. 1/11/2007, at 47-48 (explaining that she was introduced to defendant Trader by defendant Stillis for the purpose of purchasing cocaine). Additional evidence included, *inter alia*, recordings of telephone calls between defendant Trader and other members of the conspiracy that related to the objects of the conspiracy;[3] telephone calls between other conspiracy members in which defendant Trader was discussed;[4] photographs found in Trader's residence showing members of the conspiracy together on a trip to Virginia Beach; and defendant Trader's seized cell phone, which contained telephone numbers for co-conspirators. The Court concludes that, taken together, there was sufficient evidence for the jury to infer knowledge on the part of defendant Trader of the "illicit purposes and the nature of the operation of the conspiracy" to distribute at least five kilograms of cocaine.

---

[3] See, e.g., Michael P. Skahill Testimony, N.T. 1/12/2007, at 172-84 (describing recordings of telephone calls played to the jury that include defendant Trader).

[4] For example, the jury heard the recording of a telephone call on July 23, 2004 between defendants Kenny Wilson and Stillis, in which Stillis tells Wilson that defendant Trader was short on the money he owed for cocaine he had purchased from Stillis for resale. See Kenneth Wilson Testimony, N.T. 1/8/2007, at 168.

Finally, the Court rejects defendant Trader's argument that the jury could not rely on evidence of defendant Stillis's conduct in reaching its verdict on Count One with respect to defendant Trader. Although the Court did stress to the jury that the jury must consider evidence against each defendant separately to determine whether he participated in the conspiracy, the Court also specifically instructed the jury that, "[i]n making your decisions you should consider all cocaine which you find that members of the conspiracy conspired to distribute as part of Count 1." N.T. 1/18/2007, at 76. Both of these "instructions accurately reflected the law, which requires the jury to consider the evidence against each defendant independently to determine whether he or she participated in the conspiracy, but also holds each participant liable for the actions of co-conspirators when such actions are undertaken in furtherance of the goals of the conspiracy." United States v. Aldea, 174 Fed. App'x 52, 58 (3d Cir. 2006) (citing Pinkerton v. United States, 328 U.S. 640, 645-48 (1946)).[5] Accordingly, it was entirely proper for the jury to consider the drug quantity attributable to defendant Stillis in reaching its verdict on Count One of the Superseding Indictment.

In sum, the Court concludes that defendant Trader has not demonstrated that the Court erred in its July 16, 2007 Memorandum and Order in concluding that there was sufficient

---

[5] Defendant's counseled motion relies on United States v. Collado, 975 F.2d 985 (3d Cir. 1992) and its progeny, to support the proposition that "a defendant may not be attributed drug amounts that are based on the conduct of co-conspirators." Def.'s Mot. at 8. This case is inapposite. The Collado line of cases addresses the relevant conduct provision of the U.S. Sentencing Guidelines § 1B1.3. In Collado, the Third Circuit held that under the Guidelines, a sentencing court considering a sentence for a defendant convicted of conspiring to distribute drugs must undertake "a searching and individualized inquiry into the circumstances surrounding each defendant's involvement in the conspiracy," which is "critical to ensure that the defendant's sentence accurately reflects his or her role." Collado, 975 F.2d at 995. However, "the relevant conduct provision is not coextensive with conspiracy law." Id. at 997. The issue of defendant Trader's sentence is not before the Court at this time, and thus the relevant conduct provision is inapplicable.

evidence to support the jury verdict on Count One, and that the verdict did not result in manifest injustice. Accordingly, defendant Trader's Motion for Reconsideration is denied with respect to Count One of the Superseding Indictment.[6]

### B. Counts Twenty-Two and Twenty-Three

In his Motion for Reconsideration and Second Supplement, defendant Trader argues that the Court erred in holding that there was sufficient evidence to establish that defendant Trader aided and abetted the crimes charged in Counts Twenty-Two and Twenty-Three of the Superseding Indictment. To support this argument, defendant Trader merely repeats the same arguments that were raised in both his oral motion for judgment of acquittal and his post-trial motions. Specifically, defendant Trader argues that the evidence was insufficient to demonstrate that he actively participated in the transaction underlying those Counts. The Court considered and rejected this argument in the July 16, 2007 Memorandum and Order. Accordingly, the arguments advanced in defendant's counseled motion and Second Supplement with respect to Counts Twenty-Two and Twenty-Three do not constitute a basis for reconsidering the Court's July 16, 2007 Memorandum and Order. See Blue Mountain Mushroom Co., 246 F. Supp. 2d at 398.

---

[6] In his First Supplement and Second Supplement, defendant also requests that, on this basis, the Court "direct a verdict on a lesser included offense," pursuant to Federal Rule of Criminal Procedure 31. Def.'s 1st Supp. at 8; Def.'s 2d Supp. at unnumbered 17. Because the Court concludes that a reasonable juror could accept the evidence at trial as sufficient to support the finding of the jury that defendant Trader was guilty beyond a reasonable doubt of the conspiracy charged in Count One, the Court rejects this argument. United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that defendant has not demonstrated that reconsideration of the Court's July 16, 2007 Memorandum and Order is warranted. Defendant has not shown "the need to correct a clear error of law or fact or to prevent 'manifest injustice,'" with respect to the Court's denial of defendant Trader's post trial motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for new trial pursuant to Federal Rule of Criminal Procedure 33. Accordingly, defendant's Motion for Reconsideration, as supplemented by defendant's *pro se* filings, is denied.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**