# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE TRADER, | * | |
| Petitioner, | * | |
| v. | * | Docket No. 04-680-06 |
| UNITED STATES OF AMERICA, | * | Honorable Jan E. DuBois |
| Respondent. | * | |

## PETITIONER'S AMENDMENT TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Now respectfully comes the Petitioner, TYRONE TRADER, *pro se*, and hereby submits Petitioner's Amendment to Motion to Vacate, Set Aside, or Correct Sentence.

### I. JURISDICTION

The Court's jurisdiction to entertain this motion is found in Rules 15(a)(1)(A) and/or 15(a)(2) of the Federal Rules of Civil Procedure.[1] As of this date, the United States has not responded to petitioner's motion.[2]

### II. ISSUES PREVIOUSLY RAISED

---

[1] Rules 15(a)(1)(A) and (a)(2) provide:

    *(a) Amendments Before Trial. (1) Amending as a Matter of Course. <u>A party may amend its pleading once as a matter of course:</u>*
        *(A) <u>before being served with a responsive pleading…</u>*
    *(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. <u>The court should freely give leave when justice so requires.</u> Id. (Emphasis added).

[2] By Order of the Court, the United States' motion for enlargement of time within which to respond to petitioner's Section 2255 motion was granted (See, Doc. 699, filed July 26, 2013); thus, the government must now respond by August 16, 2013.

1

Petitioner presently has a pending Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to Title 28, United States Code, Section 2255, before the Court. Petitioner therefore re-alleges and re-incorporates all of the arguments made in his Section 2255 petition, as if fully stated herein.

In that petition, the following grounds for relief were raised:

- Petitioner's convictions and sentences are based upon insufficient evidence.

- The evidence in this case demonstrated the existence of a multiple conspiracy.

- The evidence supporting the drug distribution charges was admitted in violation of the Sixth Amendment to the United States Constitution because petitioner was not allowed to confront and cross-examine witnesses.
- The government's representatives engaged in prosecutorial misconduct.
- Petitioner's trial and appellate counsel provided ineffective assistance, in violation of the Sixth Amendment to the United States Constitution.
- The cumulative error doctrine requires that petitioner receive a new trial.
- The procedural default doctrine does not preclude relief in this case.

***Since the United States has received an extension of time in which to respond, the instant motion is timely.***

### III. PETITIONER'S AMENDMENT

Petitioner hereby amends his present petition by including the following issues:

#### a. PETITIONER'S LIFE SENTENCE IS UNCONSTITUTIONAL

Petitioner respectfully submits that a recent decision of the United States Supreme Court may have an impact on this Court's resolution of his post-conviction claims.

In Alleyne v. United States, No. 11-9335, June 17, 2013, the Supreme Court decided that any element of the offense that increases the statutory minimum sentence must be determined by a jury beyond a reasonable doubt. The Alleyne opinion reinforced a line of cases that espouse

this requirement. See, Apprendi v. New Jersey, 530 U.S. 466 (2000), Jones v. United States, 526 U.S. 227 (1999), and McMillan v. Pennsylvania, 477 U.S. 79, 86 (1986).

In this case, petitioner's mandatory minimum sentence was increased from 10 years to life imprisonment as a result of two (2) previous convictions for drug offenses.

Prior to trial, the government notified petitioner via Information that it was seeking an enhanced sentence in the event of conviction. While the government properly placed petitioner on notice, the United States failed to ensure that the facts (i.e., prior convictions), which would mandate a life sentence were presented to the jury for its consideration during deliberation.

At the conclusion of its deliberations, the jury's verdict did not allow a mandatory life sentence but, rather, imprisonment for 10 years to life. The government's failure to present all statutory enhancement facts to the jury which could increase the mandatory minimum or maximum sentence, violated petitioner's sixth Amendment rights.

Title 21, United States Code, Section 851, is similar to the statute at issue in Alleyne, e.g., Title 18, United States Code, Section 924(c). Both statutes raise a defendant's mandatory minimum sentence when certain statutory conditions are met.

Therefore, when a defendant exercises his right to trial, the preconditions for the increase in any mandatory minimum sentence must be determined beyond a reasonable doubt, rather than by a preponderance of the evidence at sentencing.

This Court was reluctant to sentence petitioner to life imprisonment, but concluded that applicability of Section 851, in conjunction with Title 21, United States Code, Section 841(b)(1)(A), mandated such a result. The Court issued several proclamations in which it decried the congressionally-mandated sentence, but felt it was bound nevertheless to impose life imprisonment.

Prior to the jury's verdict and imposition of a life sentence, there has never been a specific factual finding concerning petitioner's alleged prior convictions. Due process requirements are offended when such a horrendous sentence is imposed without the required findings pursuant to the attendant burden of proof (i.e., beyond a reasonable doubt).

In this case, two applicable prior convictions were asserted by the government before trial. Though the statute alleges that it is the government's burden to prove the prior convictions at sentencing, the statute is binding law, but such findings must now be made by a jury or judge beyond a reasonable doubt. This appropriate standard was not employed in the instant case.

In light of the Supreme Court's decision in Alleyne, Section 851 is now unconstitutional. The prior convictions relied upon for enhanced sentencing are now considered "elements" of the offense and must be proven beyond a reasonable doubt in accord with due process protections. During jury trial cases, the jury must make a specific finding, as part of its verdict, that a defendant, such as petitioner, has sustained the two prior drug convictions that increased the mandatory minimum sentence; otherwise, the enhanced sentence is unconstitutional.

Based upon Alleyne, petitioner's life sentence must be vacated.

### b. THE TRIAL COURT ABUSED ITS DISCRETION AND ENHANCED THE TESTIMONY OF CERTAIN LAW ENFORCEMENT OFFICERS BY ALLOWING THOSE SAME AGENTS TO SIT AT THE PROSECUTION TABLE DURING TRIAL.

The following specific allegations concern the instant complaint:

> The trial court abused its discretion, after issuing a decision to sequester trial witnesses, by making exceptions for law enforcement officers to remain in the courtroom after the sequestration order was in place.

> The trial court abused its discretion by not lifting its sequestration order and permit testifying law enforcement officers to remain in the courtroom during testimony of other witnesses.

> The trial court abused its discretion by not lifting its sequestration order and permit testifying law enforcement officers to remain in the courtroom during testimony of other witnesses.

As a result of the agents' presence at the prosecution table prior to providing their own testimony in this trial, petitioner was extremely prejudiced because the agents:

- Were able to tailor their own testimony to bolster the testimony of previous prosecution witnesses; and,
- The agents' testimony was improperly bolstered in the presence of the jury, in contravention of due process principles.

Petitioner's rights to fair trial and to an impartial jury under the Sixth Amendment was violated in this instance. These agents were able to listen to other witnesses and explain inconsistencies in their testimony. This was an unfair procedure, especially since the evidence against petitioner was not overwhelming.

## IV. CONCLUSION

WHEREFORE, for all of foregoing reasons, and any others found just and appropriate by this Court, petitioner, TYRONE TRADER, *pro se*, hereby prays that the instant motion will considered timely filed and that the United States be directed to respond to the aforementioned allegations when its Reply is filed on or about August 16, 2013.

                                              Respectfully submitted,

                                              */s/ Tyrone Trader*
                                              TYRONE TRADER, Petitioner, *pro se*
                                              Register Number – ~~10518-003~~ 40143-066 T.T
                                              United States Penitentiary
                                              Post Office Box 2099
                                              Pollock, Louisiana 71467-2099

Executed this 8th day of August, 2013.

## *DECLARATION*

I, TYRONE TRADER, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 8th day of August, 2013.

*[signature]*
TYRONE TRADER, Declarant/Petitioner

## CERTIFICATE OF SERVICE

I, TYRONE TRADER, hereby certify that a true and correct copy of the foregoing Petitioner's Amendment to Motion to Vacate, Set Aside, or Correct Sentence, has been mailed via first-class United States Mail, postage prepaid, and addressed to:

Kathy A. Stark
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106-4476

The envelope was placed in the hands of mailroom personnel for *"special mail handling"* and prompt delivery to the custody of the United States Postal Service on the 8th day of August, 2013.

*[signature]*
TYRONE TRADER, Petitioner