# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE TRADER, | * | |
| Petitioner, | * | |
| v. | * | No.: 04-680-06 |
| UNITED STATES OF AMERICA, | * | Honorable Judge Jan E. DuBois |
| Respondent. | * | |

RECEIVED JUN 12 2015

## *PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE*

Now respectfully comes the Petitioner, TYRONE TRADER, *pro se,* and hereby submits this Reply to Government's Opposition[1] to Motion to Vacate, Set Aside, or Correct Sentence, pursuant to Title 28, United States Code, § 2255.

### GROUNDS PREVIOUSLY RAISED

The following claims for relief were raised in petitioner's initial § 2255 motion.

- ❖ 1. Petitioner's convictions and sentences are based upon insufficient evidence.
- ❖ 2. The evidence in this case demonstrated the existence of a multiple conspiracy.
- ❖ 3. The evidence supporting the drug distribution charges was admitted in violation of the Sixth Amendment to the United States Constitution because petitioner was not allowed to confront and cross-examine witnesses.
- ❖ 4. The government's representatives engaged in prosecutorial misconduct.
- ❖ 5. Petitioner's trial and appellate counsel provided ineffective assistance, in violation of the Sixth Amendment to the United States Constitution.
- ❖ 6. The cumulative error doctrine requires that petitioner receive a new trial.
- ❖ 7. The procedural default doctrine does not preclude relief in this case.

### GROUNDS RAISED IN AMENDED PETITION

Petitioner submitted an amended petition raising the following claims:

---

[1] Hereinafter referred to as **"Opposition"** or **"Opp."**

1

- Petitioner's Life sentence is unconstitutional.
- The trial court abused its discretion and enhanced the testimony of certain law enforcement officers by allowing those same agents to sit at the prosecution table during trial.

Petitioner will reply to the government's opposition as follows.[2]

## *INSUFFICIENT EVIDENCE*

The government's first position in its opposition is that:

*"Trader's claim of insufficiency of the evidence should be barred from the Court's analysis pursuant to 28 U.S.C. § 2255(e) because the Third Circuit Court of Appeals previously adjudicated the issue on Defendant's direct appeal."* Id. Opp. at 14.

Petitioner responds to this assertion by the government arguing it must be rejected because the United States has improperly inserted the *savings clause* of § 2255 to argue petitioner can not be granted relief on his sufficiency of the evidence claim.

Section 2255(e) applies, contrary to the facts here, where a petitioner attempts to file a petition for writ of habeas corpus pursuant to Title 28, United States Code, § 2241. Under such circumstance and as a threshold matter, the petitioner must demonstrate § 2255 is *inadequate or ineffective* to challenge the legality of the person's detention. The government's argument that the *savings clause* prevents relief in this instance does not apply because petitioner Trader has not attempted to file a petition for writ of habeas corpus.

The government has asserted,

*"Both in a post-trial Motion for Judgment of Acquittal and on appeal to the Third Circuit, Trader argued there was insufficient evidence to establish that the quantity of cocaine that the defendant conspired to distribute was 5 kilograms or more of cocaine and that the Court <u>improperly relied on the jury's finding</u> in sentencing the defendant. The appellate Court rejected both arguments."* Id. Opp. at 14. (emphasis added).

---

[2] Petitioner will not rehash the claims made in his *pro se* motion to vacate sentence; however, in this filing, petitioner will briefly reply to certain portions of the government's opposition which deserve a response.

2

The government is incorrect in this assertion. Petitioner is not advancing a claim which was rejected by the appellate court. Government counsel has misapprehended the extent of petitioner's present argument. A fair and impartial review of this claim demonstrates petitioner argues, not that the Court improperly relied on the jury's verdict, but that the specific quantity findings made by the sentencing court demonstrate petitioner was not involved in conspiring to demonstrate in excess of 5 kilograms of cocaine, but less than 240 grams.

The government has also argued,

> *"Here, Trader yet again attempts to argue that the government presented insufficient evidence of his involvement in the conspiracy, <u>and the ultimate quantity attributable to him</u>. These issues are virtually identical as the quantity attributable to the defendant and his involvement in the conspiracy was a fundamental component for the Third Circuit finding sufficient evidence to convict defendant of conspiracy to distribute 5 kilograms or more of cocaine."* Id. Opp. at 14. (emphasis added).

This argument by the government indicates it did not research the facts surrounding this claim. These issues are not *virtually identical,* and the appellate court has not been presented with the instant claim for appellate adjudication.

The government also discussed the *cause* and *prejudice* components of the procedural default doctrine as a defense to the present claim. The government is correct in stating,

> *"The sole exception to this rule exists when a defendant can show 'cause' for not raising the claim, and 'prejudice' from not having done so."* Id. Opp. at 15.

However, the government is wrong to suggest,

> *"Trader attempts to establish 'cause' by asserting that his trial and appellate counsel suggested that he wait until after his appeal to present these claims. Trader argues that counsel suggested these claims were meritorious but chose not to bring them up at trial or on appeal. Trader <u>offers no evidence</u> in support of this claim, and <u>none can be found from a review of the record</u>, leaving only Trader's bare assertion to support his 'cause' claim."* Id. Opp. at 16. (emphasis added).

3

The government's suggestion that petitioner can not demonstrate *cause* for the failure to raise his present claims on direct appeal does not take into account the Supreme Court's decision in Edwards v. Carpenter, 529 U.S. 446, 146 L.Ed.2d 518, 120 S.Ct. 1587 (2000), where the Court held:

> ***"Procedurally defaulted ineffective assistance of counsel claim held to provide cause excusing procedural default of other claim in federal habeas proceedings only if petitioner showed cause and prejudice with respect to counsel claim."***
> ***Id.***

In addition, on related facts, the Third Circuit has issued a non-precedential decision in Peters v. Folino, 450 Fed. App'x 127 (3d Cir. 2011), which supports petitioner's argument that he can meet the requirements of the procedural default doctrine, i.e., cause and prejudice:

> ***"In order for attorney ineffectiveness to constitute 'cause' sufficient to satisfy the 'cause and prejudice' exception, the claim 'must be presented to the...courts as an independent claim before it may be used to establish cause or procedural default."*** Id.

The government's position concludes petitioner is not able to satisfy the cause and prejudice standards because "*Trader offers no evidence in support of this claim, and none can be found from a review of the record*, leaving only Trader's bare assertion to support his 'cause' claim." Id.

However, the government is mistaken for several reasons: (1) petitioner *has* offered evidence which complies with the *cause* requirement of procedural default by asserting (and **previously** swearing under penalty of perjury) that conversations occurred between petitioner and counsel concerning whether certain issues should be argued during appeal, and **counsel decided** that these meritorious issues should be reserved until the post-conviction stages;[3] (2) the government can not realistically be expected to conduct a "review" of the trial record to

---

[3] See, also, Declaration of Tyrone Trader, attached as Exhibit One. (Petitioner initially submitted a sworn declaration when the initial § 2255 motion was filed. *The government has not contested or attempted to refute* the truthfulness of the earlier declaration and petitioner continues to assert the truthfulness of the earlier declaration).

4

determine whether petitioner possesses a legitimate claim or whether he has satisfied his burden of proving constitutional violations *(for the government to suggest the contrary makes a mockery of the adversary process)*; and, (3) since petitioner's assertions were left uncontroverted because the government did not provide an affidavit from counsel, this demonstrates the existence of factors in dispute which warrants an evidentiary hearing. To conclude otherwise would cause the Court to render a decision which is not factually sound nor based upon the existing record of this case.

The opposition suggests this Court should not determine petitioner has satisfied the *cause* standard by stating:

> ***"Trader did not bring the following claims on appeal, no exception applies, and Trader cannot sufficiently prove cause or prejudice,..."*** Id. Opp. at 16. (emphasis added).

In making this statement, the government has attempted to seek complete dismissal of petitioner's motion to vacate sentence by urging this Court not to conduct an independent review and assessment of each claim pursuant to appropriate judicial precedent. The government is wrong to suggest relief should be denied, without simultaneously requesting this Court to determine whether petitioner has satisfied the standards applicable to the procedural default doctrine.

The government has also erred in determining petitioner's claim of evidence insufficiency must fail because of the following improper conclusions the government has reached:

> ***"As referenced above, defendant's claim that the government did not prove at trial the quantity of cocaine with which he should be held responsible under Count One was previously raised by Trader on appeal to the Third Circuit, and therefore should be dismissed."*** Id. Opp. at 18, fn. 6.

> ***"Using the lowest amount purchased, 4.5 ounces, throughout a 60 week conspiracy, the total amount of cocaine Stillis bought from Green alone would exceed 7.5 kilograms. The amount is likely understated as Wilson testified that***

5

*Stillis sometimes bought larger quantities. And of course, in turn, Stillis' distributors, including Trader, distributed the cocaine."* Id. Opp. at 19.

*"The evidence also supported the finding that the quantity of cocaine that the organization distributed exceeded the amount that it purchased, because the cocaine was 'stepped on' or 'cut' (diluted) with Inositol or another substance <u>by street level sellers</u>. At trial, seller Richard Robinson testified that <u>the sellers</u> at least doubled the weight of what Stillis gave them when cut. Police corroborated this testimony by finding two bottles of Inositol, a chemical agent that dealers use to cut cocaine, in Wilson's car when he was arrested on unrelated charges."* Id. Opp. at 20.

The preceding references noted within the government's opposition show the United States' response to petitioner's claim concerning Count One must be rejected because: (1) the argument raised on direct appeal *was not the same* as presented in the instance complaint; (2) the government's response actually supports petitioner claims that, on a maximum level, petitioner only possessed a buyer-seller relationship with those alleged to be ringleaders of the charged drug conspiracy; and (3) there was no direct evidence or testimony demonstrating that *all* of the charged defendants *cut* the alleged drugs or took any other steps to increase potential quantity and profits.

Further, in relation to a buyer-seller relationship, the government unintentionally supports petitioner's position by stating:

*"Alternatively, the quantities that <u>the individual sellers</u> received from Stillis also show the volume that the conspiracy distributed."* Id. Opp. at 2. (emphasis added).

The government's opposition further demonstrates it was *unsure* of the quantity of drugs which should be attributed to petitioner, but then the United States engaged in speculation regarding drug quantity in its effort to manipulate petitioner's sentence:

*"Lastly, adding the quantities of cocaine from the individual transactions testified to at trial <u>gives an illustration</u>, albeit incomplete, of the amount of cocaine the conspiracy distributed."* Id. Opp. at 20. (emphasis added).

6

The evidence in this case was insufficient because the highest quantity of drugs attributable to petitioner comes from the alleged transaction which occurred with Trooper Miscannon:

> ***"The quantities of cocaine most precisely measured are sales to undercover state troopers. On July 15, 2004, Stillis and Defendant sold Trooper Miscannon 9 ounces (244 grams) for $4,200. Other conspirators sold Troopers 230 grams of cocaine from August 6, 2003 through May 6, 2004."*** Id. Opp. at 21.

Where is evidence that the government speculated about drug quantity associated with petitioner? Speculation comes from the following statement noted by the United States in its opposition:

> ***"Just this handful of sales to undercover officers amounted to nearly a half-kilogram of cocaine, hinting at the bulk this conspiracy <u>was ultimately able to move</u>."*** Id. Opp. at 21.

Petitioner also urges this Court to disregard the following conclusion of the United States:

> ***"The application of <u>Pinkerton</u> provides that the actions of a conspirator or many conspirators make all those involved in the conspiracy <u>responsible for the crimes committed in furtherance of their agreement</u>. Pinkerton liability eviscerates the defendant's insufficiency of the evidence claim regarding the quantity of cocaine as <u>Trader remains liable for whatever quantity the conspiracy distributed as a whole</u> as long as it was reasonably foreseeable to him."*** Id. Opp. at 22.

Petitioner disagrees with the government's assessment of this claim because the United States has argued petitioner *must* be held accountable for a quantity of cocaine which is greater than the lower quantity this Court specifically found at sentencing.

In support of petitioner's contention, this Court's attention is directed to the recent decision in United States v. Davison, 761 F.3d 683 (7th Cir. 2014). In *Davison,* the appellate court held that the sentencing judge erred by holding the defendant responsible *for all*

7

*foreseeable drug sales by other conspirators without making an additional finding that the defendant agreed to help make those sales.* The *Davison* Court further held:

> *"[W]hether the defendant is liable at sentencing for drug sales made by co-conspirators 'depends not only on whether the sale quantity was foreseeable to him (which the district court held it was), but also on whether he joined with other conspirators in a joint undertaking of which the making of those sales was an objective, or had agreed to join in such an undertaking."* Id. (emphasis added).

Finally, the *Davison* decision provides the following factors which must be considered in the instant case and which demonstrates the evidence is insufficient to sustain the conviction here:

> *"The district court and the government equated 'jointly undertaken criminal activity' with conspiracy, and that is incorrect...Neither the district court nor the government pointed to evidence in the record that the defendant agreed to help co-conspirators with their drug sales, and the defendant might have entered into the conspiracy only to supply himself with his own inventory..."* Id. (emphasis added).

For the reasons stated above, the government's argument that petitioner can not prevail on the present claim is unjustified and not supported by statutory interpretation, nor judicial precedent.

## *AIDING & ABETTING*

The government argues petitioner was properly held to be an aider & abettor of the alleged drug transaction which occurred between Trooper Miscannon and Defendant Stillis on July 15, 2004. The government suggests the following in support of its position:

> *"[T]here exists overwhelming evidence that Trader had precise and explicit knowledge of the circumstances providing a basis for his charges. As previously stated, defendant distributed the cocaine provided by Stillis. Furthermore, Miscannon [a state trooper] testified that during the course of the nine ounce sale of cocaine on July 15, 2004, by Stillis and Trader, Trader advised Miscannon of the superior quality of the cocaine, which alone suffices to establish the 'knowing' threshold to establish his role in aiding and abetting the transaction."* Id. Opp. at 24.

8

Based upon this suggestion, the government believes an alleged post-transaction statement by petitioner to the State trooper demonstrates petitioner aided or abetted this offense. No evidence nor testimony was offered to show petitioner attempted to make this offense succeed, or that petitioner performed any other act to encourage or procure this transaction.

In addition, the government's argument does not take into consideration relevant Circuit precedent on this issue. In particular, in United States v. Mercado, 610 F.3d 841 (3d Cir. 2010), the Court held:

> *"The relevant inquiry on appeal is whether any reasonable juror could find that Mercado facilitated the drug transaction. One who aids and abets the possession, manufacture, or distribution of a controlled substance...is punishable as a principal. One is guilty of aiding and abetting if the government proves: (1) that another committed a substantive offense; and (2) the one charged with aiding and abetting knew of the commission of the substantive offense and acted to facilitate it...Additionally, we require proof that the defendant had the specific intent to facilitate the crime. United States v. Garth, 188 F.3d 99, 113 (3d Cir. 1999)."* Id. (emphasis added).

The evidence presented at trial regarding aiding & abetting liability was lacking because, as shown, *supra,* the government was required, but did not, present evidence that petitioner *knew* a drug transaction would take place *and* that petitioner had the specific intent to facilitate the alleged drug transaction. For these reasons, relief at this juncture is required.

## *MULTIPLE CONSPIRACIES*

The government is correct in its opposition where it asserted:

> *"Multiple conspiracies exist instead when 'separate networks operat[e] independently of each other."* Id. Opp. at 26.

However, the United States' position regarding this claim is in error because it relies on the following to support its argument:

> *"[T]he facts presented at trial proved that one conspiracy existed - from Smith to Green, Green to Stillis, and Stillis to several street level dealers including Trader."* Id. Opp. at 27.

9

The government's trial theory concerned its belief that several layers were involved in a drug conspiracy before the contraband reached the street-level dealers. The government argued petitioner was a street-level dealer; however, the United States also argues petitioner should be held accountable for the unknown acts of co-conspirators. The government can't have it both ways: Either petitioner was a street-level dealer with no knowledge of the activities of those on higher levels or individuals who allegedly maintained the same status as petitioner.

In order for the charged single conspiracy to remain an accurate conviction, there must have been proof that each charged co-conspirator maintained the same goals and each person engaged in words and/or activities to cause the venture to become successful. Evidence on this point was lacking.

The government offered various forms of proof which indicated many people were involved in an alleged criminal venture, but the activities and goals were not the same. The proof offered at trial allowed the government to merely lump many people together from a general vicinity to sustain each conviction and/or enhanced sentence.

This case was not a single conspiracy, but, according to the many various and unrelated pieces of evidence at trial, demonstrated the existence of multiple conspiracies, which were prejudicial to petitioner's legal interests.

## *CONFRONTATION AND CROSS-EXAMINATION*

With regard to this claim, the government states:

***"Trader only cites to a small portion of the record as an example of a purported Crawford violation, though he asserts that 'many instances' occurred which violated his Sixth Amendment rights. The Government's careful review of the record could not locate any such instances."*** Id. Opp. at 28.

First, the government is under the mistaken impression that it represents petitioner and that petitioner needs government counsel to conduct a "careful review of the record." Id.

10

Petitioner did not request the United States to review the trial record to determine whether petitioner has made a legitimate claim of the violation of his Sixth Amendment right to confrontation and cross-examine.

However, the government's position lends credence to petitioner's argument, where it is stated:

> *"Miscannon's testimony related to the cocaine purchase, the field test, and <u>the results of the laboratory test of the cocaine he purchased from defendant</u>. He did not testify as to the processes of the test or the accuracy - merely that <u>the report generated corresponded with cocaine he purchased from defendant...He did not offer testimony concerning specific testing procedures - simply that the tests and conclusions corresponded with the evidence Miscannon recovered</u>."* Id. Opp. at 29.

Further, the government makes the following statement concerning this claim:

> *"With regard to defendant's Ground Four claim that Trooper Skahill impermissibly testified as an expert as opposed to a fact witness at trial, once again, defendant misstates the facts. At a sidebar prior to Trooper Skahill's testimony, Judge DuBois stated that 'I think to simplify matters, we will permit him [Skahill] to testify as a fact witness, not as an expert witness."* Id. Opp. at 30.

Petitioner must first point out that the United States has conceded the accuracy of this claim because it has neglected to offer case law or precedent to support its claimed contrary position.

Also, the government has failed to apply the relevant precedent established by the Supreme Court and its progeny in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), while the United States attempts to confuse the issues by engaging in impermissible and irrelevant double-talk. This Court should not be swayed by such a strategy.

In *Crawford*, the Supreme Court made clear statements which *"contain[ed] a testimonial certification, <u>made in order to prove a fact at a criminal trial</u>,"* could be *"admitted <u>only where</u>*

11

*the declarant is unavailable, and <u>only where the defendant has had a prior opportunity to cross-examine</u>.*" Id.

The statements made by Troopers Miscannon and Skahill concerning the results of forensic testing of which they did not conduct, and of which the declarant did not testify, violated defendant's Sixth Amendment right to confrontation and cross-examination. This is because petitioner was not allowed to confront or cross-examine the proponents of the testimonial reports offered into evidence via testimony of law enforcement officers who did not possess *personal knowledge* of the conclusions reached by the analysts. Cf. United States v. Shavers, 693 F.3d 363 (3d Cir. 2012).

The State troopers were allowed to provide hearsay testimony on these issues because the officers *were not directly involved* with securing and verifying this evidence in preparation for trial. Thus, petitioner's clearly established Sixth Amendment rights were violated and impermissible hearsay testimony was admitted during trial.

## *PROSECUTORIAL MISCONDUCT*

Petitioner has presented a claim alleging government counsel engaged in prosecutorial misconduct during trial. The United States has responded by asserting,

> *"Arguing arguendo that any purported instances of 'misconduct' occurred, they certainly do not rise to the level of prosecutorial misconduct. They are neither 'arguments calculated to inflame the passions or prejudice of the jury[,] nor are they 'sufficiently prejudicial' to violate a defendant's due process rights...[T]he instances cited by Trader, are common interactions between the Court and counsel."* Id. Opp. at 35.

Petitioner does not contend government counsel made statements which would inflame the passions of the jury; however, it is contended the government injected the trial with numerous instances of impermissible evidence and testimony which caused this Court to admonish government counsel on several occasions. The government's behavior showed its

12

intent to impermissibly tip the *fair trial* scales in its favor, now requiring a new trial in this matter.

## *CUMULATIVE ERROR DOCTRINE*

Rather than deny the existence of numerous individual errors during trial which necessitates invocation of the cumulative error doctrine, the government has taken the position that relief should be denied because evidence of guilt was overwhelming. No court has concurred that there was exceptional evidence presented against petitioner; therefore, the government's response on this claim must be rejected:

> *"Even if error occurred, Christie provides that where overwhelming evidence of guilt exists, a handful of harmless errors do not contravene the Sixth Amendment. Trial can withstand a handful of errors as long as the evidence remains strong."* Id. Opp. at 36.

The government's argument on this claim appears to concede petitioner is correct in arguing the cumulative error doctrine requires a new trial. The United States has neglected to provide appropriate or credible authority showing why a new trial is not necessary in this case or why petitioner should not be granted relief on this claim; therefore, petitioner urges this Court to invoke the cumulative error doctrine by Ordering the government to bring petitioner to trial within 120 days from the Court's Order which is necessary and appropriate to cure the many separate fundamental rules violations which were intentionally committed by the government, which resulted in an unfair trial in this cause.

## *INEFFECTIVE ASSISTANCE OF COUNSEL*

Petitioner's post-conviction motion has advanced clear evidence of ineffective assistance of trial and appellate counsel. This ineffectiveness has resulted in deficient performance, leading to substantial prejudice, contrary to petitioner's constitutional rights.

13

The opposition discusses why the government believes the strategies of trial and appellate counsel did not result in ineffective assistance. The arguments of the government on this claim must be rejected because government counsel has inappropriately invited its personal opinion into these proceedings. Without sworn statements and/or testimony from trial and appellate counsel, resolution of the instant claim can not occur because an adequate record has not been developed.

## *EVIDENTIARY HEARING*

Petitioner asserts an evidentiary hearing is required in this instance, contrary to the government's belief. The government suggests,

> *"[T]he district court 'need only supplement the factual record when the merits of the section 2255 motion may turn on the truth of a non-frivolous allegation."*
> Id. Opp. at 45.

The government also believes the record needs no supplementation nor testimony from counsel. This argument is untenable. The United States has failed to engage in fair play and refuses to support this Court's efforts to protect petitioner's constitutional rights, because the government argues a hearing is unnecessary:

> *"Likewise, defendant has raised no claims that require supplementation of the record via testimony of defense counsel, such as a claim that defendant's request to testify or call certain witnesses was ignored by counsel. Here, all of the defendant's claims may be reviewed, and resolved, on the record as it exists."* Id. Opp. at 46, fn. 11.

As this Court is aware, this case can not be resolved without in-court testimony because most of the issues concern private conversations between counsel and petitioner.[4] If there is no evidentiary hearing, how can the Court make appropriate findings which are necessary to aid

---

[4] See, United States v. Booth, 432 F.3d 542 (3d Cir. 2005): *"The district court is required to hold an evidentiary hearing 'unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.'* We have characterized this standard as creating a 'reasonably low threshold for habeas petitioners to meet.'* United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005) (quoting Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001))."

14

appellate review? The United States, despite its position to the contrary, must be directed to prepare for an evidentiary hearing to resolve each claim raised in this proceeding.[5]

## RELIEF REQUESTED

WHEREFORE, for all of the foregoing reasons, and any others found just and appropriate, Petitioner, TYRONE TRADER, *pro se*, hereby prays this Court will:

1. Grant petitioner's motion to vacate, set aside, or correct sentence by Ordering petitioner's immediate release from federal confinement;

2. Grant a new trial in this matter; or,

3. Order an evidentiary hearing in this case with presentation of sworn testimony of the parties involved; and,

4. Appoint counsel to assist petitioner with further proceedings in this matter.

Respectfully submitted,

_____
TYRONE TRADER, Petitioner, *pro se*
Register Number - 40143-066
United States Penitentiary
Post Office Box 2099
Pollock, Louisiana 71467-2099

Executed this 5th day of June, 2015.

### CERTIFICATE OF SERVICE

I, TYRONE TRADER, Petitioner, hereby certify that a true and correct copy of the foregoing has been mailed to: Katayoun M. Copeland, Assistant United States Attorney, Office of the United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106-4476. The envelope was placed in the hands of federal prison officials for prompt mailing via first-class United States Mail, postage prepaid, on the 5th day of June, 2015.

_____
TYRONE TRADER, Petitioner, *pro se*

---

[5] Those factors noted in the government's opposition which have not received a response in the instant pleading was an intentional act on petitioner's part because the government's position is not justified nor supported by judicial precedent or facts from the record.

15

STATE OF LOUISIANA :

PARISH OF GRANT :

## *DECLARATION OF TYRONE TRADER*

I, TYRONE TRADER, am sui juris and compos mentis and this statement is made of my own free will, without improper influence or duress of any sort.

This Declaration is made in support of my request for post-conviction relief before the United States District Court for the Eastern District of Pennsylvania in Case No. 04-680-06.

1. I swear that *all of the allegations, statements and contentions* which were made by me in my *pro se* motion, filed pursuant to Title 28, United States Code, § 2255, are true and correct. No material falsehood is presented in the motion.

2. All allegations concerning private conversations with counsel are true and I did not provide any false statement or claim against counsel concerning our personal and private communications.

**THIS DECLARATION IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, AND IS MADE UNDER THE PAINS AND PENALTIES OF PERJURY.**

*[signature]*
TYRONE TRADER, Declarant

Executed this 5th day of June, 2015.

# *EXHIBIT ONE*